FILED by _PGS_ D.C.

NOV 04 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA DIVISION
### MIAMI DIVISION

### CASE NO.

NAUTILUS INSURANCE COMPANY,

      Petitioner,

vs.

4TH AVENUE PLAZA, INC.,

      Respondent.

_____/

**09-23381**

**CIV-MORENO**

**TORRES**

### PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE

COMES NOW, Petitioner, NAUTILUS INSURANCE COMPANY (hereinafter "NAUTILUS"), by and through the undersigned counsel, and hereby files this Petition to Vacate Appraisal Award, or Alternatively to Delineate Appraisal Award, and to Depose Neutral Umpire, and in support thereof states as follows:

### Jurisdictional Averments

1.    At all times material to this action, NAUTILUS was and is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Arizona.

CASE NO.
**PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO
DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE**

2.     At all times material to this action, upon information and belief, Respondent, 4th AVENUE PLAZA, INC. (hereinafter "4th AVENUE"), was and is a corporation with its principal place of business in Miami-Dade County, Florida.

3.     At all times material to this action, 4th AVENUE was the named insured under an insurance policy issued by NAUTILUS, which provided insurance coverage to certain real property located in Miami-Dade County, Florida. NAUTILUS issued the insurance policy to 4th AVENUE, bearing policy number NC470497, with effective dates of coverage from September 23, 2005 through September 23, 2006 (hereinafter "the Policy"). The Policy provided property insurance coverage for the buildings located at 1976 - 1998 East 4th Avenue, Hialeah, Florida 33130 (hereinafter "the risk").

4.     This action is a suit between citizens of different countries and/or states in which the amount in controversy, upon information and belief, exceeds the sum of $75,000.00, exclusive of interest, costs and attorney's fees.

5.     This Honorable Court has original jurisdiction based upon diversity of citizenship, as provided in 28 U.S.C. §1332, and the declaratory judgment chapter, as provided in 28 U.S.C. §2201 and 28 U.S.C. §2202.

CASE NO.
**PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO
DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE**

## General Averments

6.     The risk reportedly sustained damage on or about October 24, 2005 as a result of Hurricane Wilma.

7.     4th AVENUE presented a claim to NAUTILUS for loss or damage reportedly caused by Hurricane Wilma.

8.     4th AVENUE disagreed with NAUTILUS' evaluation of the amount of the loss and invoked the appraisal provision of the Policy which allows the amount of loss of a claim to be determined by appointed appraisers, and a neutral umpire, if necessary.

9.     NAUTILUS appointed Pablo Del Valle of Riley Adjustment Bureau (hereinafter "insurer's appraiser"), as its appraiser.

10.     4th AVENUE appointed Eli Malouf of Crystal Insurance Appraisal & Estimating Professionals Company (hereinafter "insured's appraiser") as its appraiser.

11.     The two appraisers agreed upon the appointment of Michael Cordo (hereinafter "CORDO") as the neutral umpire.

12.     As evidenced by the repair estimate relied upon by it during the appraisal, 4th AVENUE's appraiser estimated the amount of the subject loss to be $139,803.40.

13.     As evidenced by the repair estimate relied upon by it during the appraisal, NAUTILUS' appraiser estimated the amount of the subject loss to be $43,328.50.

-3-

CASE NO.
PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO
DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE

14.     In addition to a dispute as to the amount of loss, NAUTILUS was provided with reports from Professional Engineers/consulting experts indicating that the claimed damage was the result of age-related deterioration and improper maintenance, not Hurricane Wilma. Age-related deterioration and improper maintenance are not covered perils under the Policy.

15.     CORDO ultimately rendered a decision as to the amount of loss for this claim because the insured's appraiser and the insurer's appraiser were unable to reach an agreement as to same.

16.     In rendering his decision as to the amount of loss, CORDO was presented with the two reports from NAUTILUS' consulting experts concerning what peril(s) caused the claimed damage, as well as the estimate from the insured's appraiser totaling $139,803.40, and the estimate from the insurer's appraiser totaling $43,328.50.

17.     CORDO entirely disregarded the information provided by the insured's appraiser and the insurer's appraiser, and tendered an Appraisal Award setting forth the amount of loss at Replacement Cost of $541,548.81 and Actual Cash Value of $533,548.81.

18.     CORDO'S Appraisal Award contains two lump sums: one for Dwelling damage at Replacement Cost and Actual Cash Value, and one for "Incurred Expenses." CORDO failed to delineate the award to separate out each of the causes of the damage to

-4-

CASE NO.
**PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO
DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE**

ensure that payment is issued appropriately, notwithstanding the obvious disagreement as to

whether the claimed damage was caused by a covered peril.

19.   This Court must vacate the Appraisal Award because:

(a)   The Award was potentially procured by corruption or other undue means;

(b)   CORDO exceeded his authority as a neutral umpire with respect to this claim by failing to consider the insured's estimate, the insurer's estimate, or the opinions from NAUTILUS' consulting experts;

(c)   CORDO conducted a meeting with the insured's appraiser when the insurer's appraiser was not notified of the meeting nor invited to attend.

20.   Alternatively, as this claim includes issues as to what contributed to the

claimed damage and whether the perils were covered causes of loss under the Policy, this

Court should require CORDO to tender a delineated Appraisal Award which separates each

of the causes of the damage to ensure that NAUTILUS issues payment appropriately.

21.   Finally, in furtherance of confirming that CORDO violated Florida law in

executing his duties as neutral umpire with respect to the subject claim, thus justifying this

Court in striking the Appraisal Award, NAUTILUS seeks an Order from this Court entitling

it to depose CORDO.

CASE NO.
PETITION TO VACATE APPRAISAL AWARD, OR ALTERNATIVELY TO
DELINEATE APPRAISAL AWARD, AND TO DEPOSE NEUTRAL UMPIRE

WHEREFORE, Petitioner, NAUTILUS INSURANCE COMPANY, hereby moves

this Honorable Court to enter an Order striking the Appraisal Award entered by Michael

Cordo, or alternatively requiring Michael Cordo to tender a delineated Appraisal Award

which delineates each of the causes of the claimed damage, and enter an Order providing

NAUTILUS with an opportunity to depose Michael Cordo, as well as all other relief this

Court deems just and proper.

DATED this **4th** day of November, 2009.

Marc J. Gutterman, Esquire
Florida Bar No. 118818
David M. Abosch, Esquire
Florida Bar No. 027364
CONROY, SIMBERG, GANON, *et. al.*
Counsel for NAUTILUS
3440 Hollywood Boulevard
Second Floor
Hollywood, Florida 33021
Telephone:   954.961.1400
Facsimile:    954.967.8577
E-mail: mgutterman@conroysimberg.com
E-mail: dabosch@conroysimberg.com

-6-

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

FILED by _RLS_ D.C.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

NOV 04 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## 09 - 23381

### I. (a) PLAINTIFFS
Nautilus Insurance Company

**DEFENDANTS**
4th Avenue Plaza, Inc.

**(b)** County of Residence of First Listed Plaintiff   Maricopa County, AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade County, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc J. Gutterman, Esquire/David M. Abosch, Esquire Conroy, Simberg, Ganon, Lurvey, Morrow, & Schaffer, P.A, 3440 Hollywood Boulevard, Second Floor, Hollywood, FL 33021, Phone: 954.961.1400

Attorneys (If Known)
Kenneth R. Duboff, Esquire, The Law Office of Kenneth R. Duboff, 12430 W. Dixie Highway, North Miami, FL 33161, 305.899.0085

**(d)** Check County Where Action Arose:  ☑ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE / HIGHLANDS

CIV-MORENO

TORRES

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed-(see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                                 DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332, 28 U.S.C. §2001 and 28 U.S.C. §2202; Action to vacate an insurance appraisal award.

LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
November 4, 2009

FOR OFFICE USE ONLY
AMOUNT $350   RECEIPT # 1011387

11/04/09